UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KHISRAV MASAIDOV,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26cv779 DRL-SJF |

OPINION AND ORDER

Immigration detainee Khisrav Masaidov, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Masaidov is a citizen of Tajikistan who came to the United States in 2001 as a nonimmigrant exchange visitor on a J-1 visa [7-1]. In 2012, he changed his status to a nonimmigrant student on an F-1 visa. In 2016, his status was terminated due to his failure to enroll, but he remained in the country. In February 2024, he was arrested for assaulting a two-year-old child. In April 2025, he was arrested for assault with intent to cause physical injury and criminal obstruction of breathing or blood circulation.

On May 16, 2025, United States Immigration and Customs Enforcement (ICE) agents encountered Mr. Masaidov, arrested him pursuant to an administrative warrant, and served him with a notice to appear (NTA) initiating removal proceedings [7-1; 7-2]. The administrative warrant was dated April 24, 2025, and stated there was probable cause that Mr. Masaidov was removable from the country based on biometric confirmation of his

identity and a records check of federal databases [7-2]. The NTA alleged he was subject to removal because he had failed to maintain his enrollment status as a student which resulted in the termination of his F-1 status in 2016 [7-1].

On June 25, 2025, Mr. Masaidov was given a custody redetermination hearing before an immigration judge. The immigration judge denied bond after finding Mr. Masaidov had failed to show he was not a danger to the community or a flight risk. Mr. Masaidov did not appeal the immigration judge's decision to the Board of Immigration Appeals (BIA), and has not sought a second custody redetermination. On October 17, 2025, the immigration judge ordered Mr. Masaidov removed to Tajikistan and denied adjustment of status. Mr. Masaidov appealed the removal order to the BIA, and his appeal remains pending.

Mr. Masaidov previously filed a habeas petition arguing his continued detention without a bond hearing or periodic custody review violates due process, which this court denied after concluding he already had received a bond hearing and his detention otherwise accorded with § 1226(a). He now has filed a second habeas petition arguing his detention is unlawful because ICE arrested him pursuant to an invalid warrant. Specifically, he argues his arrest was unlawful because (1) ICE agents did not serve him with the warrant at the time of his arrest, and (2) the warrant ICE now has provided is invalid because it is dated April 24, 2025, but states probable cause existed based on his biometric confirmation, which ICE did not have access to before his May 16 arrest. He seeks an order requiring that he be immediately released from custody or provided a prompt custody redetermination hearing.

Here, even assuming the administrative warrant authorizing Mr. Masaidov's arrest was defective, that defect would establish at most that his initial arrest was unlawful; it

would not establish that he is entitled to release from his present detention. *See Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). "[I]f there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal," and the court applies "the same principle, distinguishing illegal arrest from illegal detention, in deportation cases." *Id.* at 1143. Thus, when removal proceedings are commenced with reasonable promptness following an allegedly unlawful arrest, the arrest does not furnish a basis for habeas release. *Id.* at 1143–44; *see also United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that habeas determines whether a prisoner may be lawfully detained in custody and that a prisoner therefore "is not to be discharged for defects in the original arrest or commitment" when sufficient grounds for detention exist); *Gonzalez-Martinez v. English*, No. 3:26cv655, 2026 WL 1730052, 2 (N.D. Ind. June 15, 2026) (Brisco, J.) ("an unlawful arrest does not invalidate a subsequent detention that is otherwise authorized"); *Cruz Rodriguez v. Olson*, 814 F. Supp.3d 945, 955 (N.D. Ill. 2026) (holding under *Arias* that an allegedly warrantless immigration arrest did not entitle the petitioner to habeas release after removal proceedings had begun). Accordingly, the relevant question is not whether every requirement attending Mr. Masaidov's initial arrest was satisfied, but whether the alleged defects in that arrest render his present detention unlawful.

They do not. ICE initiated removal proceedings against Mr. Masaidov on the same day it arrested him, thus eliminating any concern under *Arias* that the government arrested him and left him detained without promptly invoking the administrative process. *See Arias*, 676 F.2d at 1143–44. Mr. Masaidov thereafter received a custody redetermination hearing before an immigration judge, who considered whether he should remain detained and

denied release after finding that he had failed to establish that he was not a danger to the community or a flight risk. Mr. Masaidov could have appealed that custody determination to the BIA, but he did not do so. Removal proceedings have continued, an immigration judge has ordered him removed, and his appeal of that order remains pending before the BIA. Because the removal order is not yet administratively final, his detention remains governed by § 1226(a). *See* 8 C.F.R. § 1241.1(a). Mr. Masaidov identifies no defect in this present basis for detention independent of the alleged deficiencies surrounding his initial arrest. Under *Arias* and *Bilokumsky*, those alleged deficiencies therefore do not entitle him to release on habeas. *See Arias*, 676 F.2d at 1143 ("It is of course possible that the detention might be legal although the arrest was not.").

Nor has Mr. Masaidov shown that he is entitled to another custody redetermination hearing. He already received such a hearing on June 25, 2025, and he did not appeal the immigration judge's decision. After an initial bond redetermination, a request for another redetermination "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Mr. Masaidov does not identify any material change in his circumstances bearing on the immigration judge's findings of dangerousness or flight risk. His subsequent challenge to the validity of the warrant used to effect his arrest does not establish such a change. He thus has not shown that either immediate release or another custody redetermination hearing is warranted.

For these reasons, the court DENIES the habeas petition (ECF 2).

SO ORDERED.

September 17, 2026

*s/ Damon R. Leichty*
Judge, United States District Court